

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00134-CR

Joe Frank Avila **RANGEL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2021CR5036
Honorable Ron Rangel, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Patricia O. Alvarez, Justice
Irene Rios, Justice
Beth Watkins, Justice

Delivered and Filed: April 10, 2024

AFFIRMED; MOTION TO WITHDRAW GRANTED

In June 2021, Appellant Joe Frank Avila Rangel Sr. was indicted for violating the terms of a protective order. He pled no contest to the charge, and on January 25, 2022, the trial court deferred adjudication of his guilt and placed him on community supervision for eighteen months. After Rangel allegedly violated conditions of his community supervision, the State moved to adjudicate his guilt and revoke his community supervision. On November 29, 2022, the trial court adjudicated Rangel's guilt, revoked his community supervision, sentenced him to confinement for one year in the Bexar County Adult Detention Center, and ordered court costs of $375.

Rangel appealed his conviction. Court-appointed appellate counsel filed an *Anders* brief, and the State filed a brief waiver. Rangel did not request a copy of the record or file a pro se brief.

**COURT-APPOINTED COUNSEL'S *ANDERS* BRIEF**

Rangel's court-appointed appellate counsel's brief contained a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967); counsel also filed a motion to withdraw. The brief recited the relevant facts with citations to the record. The brief stated that "[a]fter careful inspection of the record, [court-appointed appellate counsel] has identified no adverse rulings that could arguably support a claim of reversible error." *See Nichols v. State*, 954 S.W.2d 83, 85 (Tex. App.—San Antonio 1997, no pet.).

Appellate counsel's brief meets the *Anders* requirements. *See Anders*, 386 U.S. at 744; *see also High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978); *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Counsel provided Rangel with a copy of the brief and counsel's motion to withdraw, and he informed Rangel of his right to review the record and file a pro se brief. *See Nichols*, 954 S.W.2d at 85–86; *see also Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Counsel also provided Rangel with a draft pro se motion to request a free copy of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014).

**CONCLUSION**

Having reviewed the record and the *Anders* brief, we conclude that there are no arguable grounds for appeal and the appeal is wholly frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We affirm the trial court's judgment, and we grant appellate counsel's motion to withdraw. *See Nichols*, 954 S.W.2d at 85–86; *Bruns*, 924 S.W.2d at 177 n.1.

**FURTHER REVIEW**

No substitute counsel will be appointed.  Through a retained attorney or by representing himself, Rangel may ask the Court of Criminal Appeals to review his case by filing a petition for discretionary review.  The petition must be filed with the clerk of the Court of Criminal Appeals within thirty days from the date of either (1) this opinion or (2) the last timely motion for rehearing or motion for en banc reconsideration is overruled by this court.  *See* TEX. R. APP. P. 68.2, 68.3(a).  The petition must also comply with Rule 68.4.  *See* TEX. R. APP. P. 68.4.

Patricia O. Alvarez, Justice

Do not publish